FILED
NOV 1 4 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL J. TORRES,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF SAN JOSE, ET AL.,<br><br>    Defendants. | No. C 07-1204 CW (PR)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## INTRODUCTION

Plaintiff Manuel J. Torres, an inmate in the Santa Clara County Jail, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the City of San Jose, the San Jose Police Department, and San Jose police officers. He seeks leave to proceed in forma pauperis. Venue is proper in this district because the acts complained of occurred in Santa Clara County, which is located in this judicial district. 28 U.S.C. §§ 84(a), 1391(b).

## BACKGROUND

Plaintiff alleges in the complaint that San Jose Police Officers Fretias (#3370) and Lisus (#3321) "beat [him] and broke [his] back without any form of inticement [sic] or being provoked." According to Plaintiff, the officers "grabbed [him]" and started "twisting and turning [him] down to the ground onto [his] stomach." He adds, "Officer Fretias [sic] partner began twisting [his] leg as [he] plead to him not to break it." He claims that the other officer asked Officer Fretias if Plaintiff was resisting, and Officer Fretias stated, "No." However, Plaintiff alleges that he "was still punched in the face and stomach." Plaintiff was

concerned that his back was broken, but he claims that "Officer Fretias was only concerned about getting information about drug dealers."

DISCUSSION

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

The use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. See Graham v. Connor, 490 U.S. 386, 394-95 (1989). Here, however, Plaintiff has failed to allege some important facts regarding the alleged use of force, such as the date or location of the use of force and whether it took place during arrest or at some other time. While Plaintiff alleges what Officer Fretias and his partner did individually to contribute to the alleged use of excessive force, he does not do the same for Officer Lisus. He does not clarify if Officer Lisus is Officer Fretias's partner. To state a cognizable claim against individual defendants, a plaintiff must "set forth specific facts as to each individual defendant's" role in depriving plaintiff of his protected rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Furthermore, liability

may be imposed only if the plaintiff can allege and show that the defendant actually and proximately caused the deprivation of a federally protected right. See id.

Accordingly, the Court dismisses the complaint with leave to amend to set forth additional facts regarding the alleged use of force, and to set forth specific facts showing that each individual defendant's actions proximately caused a violation of Plaintiff's constitutional rights, provided he can do so in good faith.

Plaintiff also names the San Jose Police Department as a defendant in this action. Plaintiff cannot sue the San Jose Police Department as an entity. Therefore, his claim against the San Jose Police Department will be dismissed without prejudice to filing an amended complaint naming individual San Jose police officers.

Finally, Plaintiff has not alleged grounds for municipal liability against the City of San Jose based on any theory other than that of respondeat superior. This is not a sufficient ground for municipal liability. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). Accordingly, the claims against the City of San Jose are DISMISSED with leave to amend. If Plaintiff can in good faith assert facts which state constitutionally cognizable claims for relief against this municipal Defendant he may include them in his amended complaint.

CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. The complaint is dismissed with leave to amend.

2. Plaintiff may file an amended complaint on the Court's civil rights form within thirty (30) days from the date of this

Order. If he does not, the case will be dismissed without prejudice and leave to proceed IFP will be denied. If he does file an amended complaint, he must put the case number of this case -- Case No. C 07-1204 CW (PR) in the appropriate place in the caption on the first page, and write "AMENDED COMPLAINT" on the first page so the complaint is not mistaken for an attempt to open a new case. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). He may not incorporate material from the original complaint by reference. It is Plaintiff's duty to provide a complaint that is a complete statement of all of his claims against each of the defendants.

3. The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy of this Order. He need not complete the portion of the form which relates to IFP status. The Court will review Plaintiff's IFP application if he complies with the requirements set forth in this Order.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the Court's Orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.
DATED: November 14, 2007

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

MANUEL J TORRES,

        Plaintiff,

v.

CITY OF SAN JOSE et al,

        Defendant.
_____/

Case Number: CV07-01204 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 20, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Manuel Torres CNC-226      **(with blank civil rights form)**
885 North San Pedro Street
San Jose, CA 95110

Dated: November 20, 2007

                                 Richard W. Wieking, Clerk
                                 By: Clara Pierce, Deputy Clerk